**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE E. REED, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:21-CV-119 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  ECF No. 1.  The motion appears to be time-barred so the Court will order movant to show cause why the motion should not be summarily dismissed.

**Background**

On September 6, 2016, movant pled guilty to one count of armed bank robbery.  *United States v. Reed*, No. 1:16-CR-66-SNLJ-1 (E.D. Mo. June 16, 2016).  On December 6, 2016, the Court sentenced movant to a term of 188 months' imprisonment and five years of supervised release.  Movant appealed and the Eighth Circuit affirmed the district court, issuing its mandate on May 7, 2018.  *Id.* at ECF No. 51.

Movant initiated this suit by filing a *pro se* motion, dated August 18, 2021.  ECF No. 1.  In the § 2255 motion, movant asserts one ground for relief: ineffective assistance of counsel.  *Id.* at 4.  According to movant, his defense counsel "had him" plead guilty under the assumption that he would get time for the bank robbery but not for the BB gun that he used in the robbery.  Movant's requested relief is "to get a new plea."  *Id.* at 12.  In the section on the court form regarding the timeliness of his motion, Movant states: "Because of 'COV-19.'"  *Id.* at 11.

**Legal Standards**

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief. A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *Peden v. U.S.*, 914 F.3d 1151, 1152 (8th Cir. 2019). Under 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**Discussion**

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f) and subject to summary dismissal. Movant's conviction was affirmed on appeal in 2018, but he did not file the instant motion until August 2021. Clearly, the 1-year period from when his

conviction became final under § 2255(f)(1) has long expired. However, movant seems to be asserting that his motion is late for some reason related to the COVID-19 global pandemic.

Equitable tolling "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). The one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") may be equitably tolled if a movant demonstrates: (1) he has been diligently pursuing his rights; and (2) an extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Muhammad v. U.S.*, 735 F.3d 812, 815 (8th Cir. 2013). Courts have considered how the COVID-19 pandemic "could – in certain circumstances – conceivably warrant equitable tolling" for § 2255 motions. *U.S. v. Haro*, No. 8:18CR66, 2020 WL 5653520, at *4 (D. Neb. Sept. 23, 2020) (citing cases).

The COVID-19 pandemic does not automatically warrant equitable tolling for any movant who seeks it on that basis. The movant must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion. Therefore, the Court will direct movant to show cause as to why he should be entitled to equitable tolling to prevent the dismissal of his § 2255 motion as time-barred. Movant will be given thirty (30) days from the date of this order in which to submit a written response. Failure to respond will result in the dismissal of this case without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than **thirty (30) days** from the date of this Order, why the instant § 2255 motion should not be denied and dismissed as time-barred.

- 3 -

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255

motion will be dismissed without further proceedings.

Dated this _10th_ day of September, 2021.

_____

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE