# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| GEORGE E. REED, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:21-CV-119 SNLJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of the record. On September 10, 2021, the Court ordered movant to show cause as to why his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should not be summarily dismissed as time-barred. ECF No. 2. Since that Order, movant filed some supplemental documents with the Court. ECF No. 3. However, he has not responded to the Show Cause Order and the time for doing so has expired. The Court warned movant that if he failed to comply with the Court's Order, his § 2255 motion would be dismissed. For the reasons discussed below, the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 will be denied and dismissed as time-barred.

### Background

On September 6, 2016, movant pled guilty to one count of armed bank robbery. *United States v. Reed*, No. 1:16-CR-66-SNLJ-1 (E.D. Mo. June 16, 2016). On December 6, 2016, the Court sentenced movant to a term of 188 months' imprisonment and five years of supervised release. Movant appealed and the Eighth Circuit affirmed the district court, issuing its mandate on May 7, 2018. *Id.* at ECF No. 51.

Movant initiated this suit by filing a *pro se* motion, dated August 18, 2021. ECF No. 1. In the § 2255 motion, movant asserts one ground for relief: ineffective assistance of counsel. *Id.* at 4. According to movant, his defense counsel "had him" plead guilty under the assumption that he would get time for the bank robbery but not for the BB gun that he used in the robbery. Movant's requested relief is "to get a new plea." *Id.* at 12. In the section on the court form regarding the timeliness of his motion, Movant states: "Because of 'COV-19.'" *Id.* at 11.

## Movant's Supplemental Filing

After the Court issued the Show Cause Order in this matter, movant filed some documents labelled with the case number and a note stating: "I [would] like to put this with my 2255." ECF No. 3-1 at 1. Movant included four documents in this filing. Two of the documents appear to be pages from movant's guilty plea agreement from his criminal conviction for armed bank robbery. ECF No. 3 at 1, 4. Another page is a written statement given to the Missouri State Highway Patrol from a bank employee who was inside the bank during the robbery. *Id.* at 2. The last page is the grand jury indictment against movant in his criminal case. *Id.* at 3. None of the documents address the issue of the timeliness of movant's § 2255 motion.

## Legal Standards

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief. A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *Peden v. U.S.*, 914 F.3d 1151, 1152 (8th Cir. 2019). Under 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

## Discussion

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f) and subject to summary dismissal. Movant's conviction was affirmed on appeal in 2018, but he did not file the instant motion until August 2021. Clearly, the 1-year period from when his conviction became final under § 2255(f)(1) has long expired. However, movant seems to be asserting that his motion is late for some reason related to the COVID-19 global pandemic.

Equitable tolling "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). The one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") may be equitably tolled if a movant demonstrates: (1) he has been diligently pursuing his rights; and (2)

an extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Muhammad v. U.S.*, 735 F.3d 812, 815 (8th Cir. 2013).

Courts have considered how the COVID-19 pandemic "could – in certain circumstances – conceivably warrant equitable tolling" for § 2255 motions. *U.S. v. Haro*, No. 8:18CR66, 2020 WL 5653520, at *4 (D. Neb. Sept. 23, 2020) (citing cases). The COVID-19 pandemic does not automatically warrant equitable tolling for any movant who seeks it on that basis. The movant must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion. *United States v. Henry*, No. 2:20-cv-1821, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020).

In this case, the Eighth Circuit issued its mandate affirming movant's conviction in May 2018 and movant filed his § 2255 motion in August 2021. The COVID-19 pandemic started causing worldwide shutdowns in March 2020. Movant's 1-year period for filing a § 2255 motion had already expired before the pandemic hit. Movant makes no effort to demonstrate that he was diligently pursuing his rights and he does not claim to have taken any action to pursue his rights prior to initiating this case. The only ground raised in the motion – ineffective assistance of counsel – pertains to actions and words spoken by movant's counsel prior to movant's guilty plea and sentencing. There is no reason why movant could not have pursued this avenue of relief as soon as his appeal was denied. In addition, movant argues no extraordinary circumstances related to the pandemic which prevented his timely filing of the motion. Movant was not pursuing his rights diligently prior to the pandemic nor did the pandemic specifically prevent movant from filing his motion in a timely manner. Therefore, movant is not entitled to equitable tolling. *See Holland*, 560 U.S. at 649; *Muhammad*, 735 F.3d at 815.

Movant's § 2255 motion is time-barred under 28 U.S.C. § 2255(f) and subject to summary dismissal. Movant has not demonstrated that he is entitled to equitable tolling due to the COVID-19 pandemic. As such, movant's motion for § 2255 relief will be denied and dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [ECF No. 1] is **DENIED AND DISMISSED** as time-barred. *See* 28 U.S.C. § 2255(f).

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 9th day of November, 2021.

                                      STEPHEN N. LIMBAUGH, JR.
                                      SENIOR UNITED STATES DISTRICT JUDGE