UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GEORGE E. REED, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:21-CV-119 SNLJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This closed 28 U.S.C. § 2255 habeas matter is before the Court on a letter from self-represented Petitioner George Reed. ECF No. 6. To the extent that this letter may be construed as a motion to reconsider the dismissal in this matter, it is denied. Furthermore, to the extent this letter seeks any other relief from this Court, it is denied.

### Background

Petitioner was sentenced on December 6, 2016, by this Court to a term of 188 months' imprisonment on a count of armed bank robbery. *U.S. v. Reed*, No. 1:16-CR-66-SNLJ-1 (E.D. Mo. June 16, 2016). The Eighth Circuit affirmed on appeal, issuing its mandate on May 7, 2018. *Id.* at ECF No. 51.

Petitioner initiated this suit by filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, dated August 18, 2021. ECF No. 1. Upon review of the motion, the Court noted that it had been filed outside of the one-year limitations period allowed under 28 U.S.C. § 2255(f). As such, the Court ordered Petitioner to show cause as to why the motion should not be dismissed as time-barred. *See* ECF No. 2. After issuance of that show-cause order, Petitioner filed some supplemental documents with the Court but he never filed any response as to

the timeliness of his motion. On November 9, 2021, the Court denied and dismissed Petitioner's motion to vacate, set aside, or correct sentence as time-barred. ECF Nos. 4-5.

### Petitioner's Post-Dismissal Letter

The Court received a letter from Petitioner following the dismissal of this matter. ECF No. 6. In the letter, Petitioner first states that the Court should not have summarily dismissed this case as time-barred, but he does not provide any arguments in support of this contention. Next, Petitioner seems to be requesting from the Court a certificate of appealability under 28 U.S.C. § 2253 and also permission to file "a second or a successive application for relief under 28 USC 2254 or 2255." *Id.* at 1. Finally, Petitioner asserts that he did not present his claims in any previous petition because he "prays that the United States Court of Appeals for the Fourth Circuit [will] grant an order authorizing the District Court to consider [his] successive application for relief under 28 USC 2254 or 2255." *Id.* at 2.

### Discussion

This is a closed matter. Plaintiff did not file an appeal of the dismissal in this matter, and the time for doing so has expired. To the extent that Plaintiff seeks reconsideration of the dismissal in this matter, his request is denied. Plaintiff presents no grounds on which reconsideration or reopening of this matter would be appropriate.[1] His letter does not address the issue of timeliness of his 28 U.S.C. § 2255 whatsoever. To the extent Petitioner seeks permission to file a second or successive motion, such permission must be granted by "the appropriate court of appeals." *See* 28 U.S.C. § 2255(h). For this district court, such court of appeals would be the United States Eighth Circuit Court – not the Fourth Circuit Court.

---

[1] Although no legal standard for reconsideration is argued, the Court finds that relief would be denied under both Federal Rule 59(e) (motion to alter or amend the judgment) and Rule 60(b) (relief from judgment for mistake or other reason). Fed. R. Civ. P. 59(e), 60(b).

To the extent Petitioner is requesting a certificate of appealability, in order for such to issue the Court must find a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 521-22 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (internal citation omitted). Because Petitioner has made no such showing here, it would not be appropriate for the Court to issue a certificate of appealability in this matter.

Finally, to the extent that Petitioner seeks any other relief in his motion, it is denied.

Accordingly,

**IT IS HEREBY ORDERED** that to the extent Petitioner seeks any relief, including reconsideration or reopening of this matter in his letter to the Court [ECF No. 6], it is **DENIED**.

Dated this 3rd day of March, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE